WILLIAMS v. WILCOX

1. **Pleading**: REPLY NOT NECESSARY: INSTANCE.   Where the plaintiff in replevin claimed the property by virtue of a chattel mortgage, and the defendant answered that the mortgage was fraudulent, a reply was not necessary to put the allegations of the answer in issue.

2. **Replevin**: NEGLECT TO FIND VALUE OF EACH ARTICLE: NO PREJU- DICE.   Where there was judgment for the plaintiff in an action of replevin, tried by the court, the defendant could not have been preju- diced by the failure of the court to assess the value of each article of the property in question.

3. ———: DEFECTIVE PRAYER: JUDGMENT ON THE MERITS: OBJECTION TOO LATE.   Where plaintiff in replevin neglected to ask for a judgment for the possession of the property, but asked for a money judgment for its value, but the property was in plaintiff's possession under the writ, and the court upon the merits rendered judgment that plaintiff have and recover the possession, and no objection was made on that ground in the court below to the petition or the judgment, *held* that such objec- tion could not be raised in this court.

*Appeal from Hardin Circuit Court.*

THURSDAY, APRIL 23.

ACTION to recover specific personal property.   The relief asked is as follows:   "Wherefore your petitioner prays for the issuance of a writ of replevin for the recovery of said goods, wares and merchandise, and, in case of his failure to recover the same, that he have judgment for said sum of $500, and that he have judgment against the said defendant for the said sum of $25 damages, and costs of suit."   Trial to the court, and judgment for the plaintiff as follows:   "It is adjudged by the court that the plaintiff have and recover

of the defendant the possession of the property in contro-
versy, and judgment in the sum of $——— costs." The
defendant appeals.

*W. A. Grier*, for appellant.

*C. E. Albrook*, for appellee.

SEEVERS, J.—I.   The plaintiff claims to be entitled to the
possession of the goods under a mortgage executed by one
Turner, and the defendant claims the goods
under an attachment against Turner. The
defendant pleaded that the mortgage was fraudu-
lent, for the reason that it had been executed to hinder and
delay the creditors of the mortgagor.  No reply was filed,
and counsel for the defendant insists that the defense above
stated must therefore be deemed to be true.  But a reply is
only required when a counter-claim is pleaded, and clearly
the matter pleaded constituted a defense only.  As to it, the
burden was on the defendant; for fraud and dishonesty can-
not be presumed.  The only material evidence to establish
that the mortgage was fraudulent, which was introduced, was
the evidence of the plaintiff and the mortgagor. · The court·
heard this evidence, saw the witnesses when testifying, and
has found that the defendant failed to establish the fraudu-
lent character of the mortgage.  We cannot, under the set-
tled practice of this court, disturb such finding; for the most
that can be said is that, under the evidence, different minds
might possibly come to different conclusions.

II.   After the evidence was closed, the defendant moved
the court to assess " the value of the property, and of each
article of the same, as required by law."  It is
insisted that it was the duty of the court to make
such finding, under section 3238 of the Code.
But, as the judgment was rendered for the plaintiff, the
defendant was in no manner prejudiced by the failure of the
· court to make such finding.  Counsel, however, insist that

*Margin notes:*
1. PLEADING: reply not necessary: instance.
2. REPLEVIN: neglect to find value of each article: no prejudice.

the defendant was prejudiced, because the only relief asked was a judgment of $500 and costs; and, as no finding of the value of the property was made, the plaintiff is entitled only to the judgment asked by him. The petition is defective in

3. ——: defective prayer: judgment on the merits: objection too late.
failing to ask a judgment for the possession of the property, which, under the evidence and finding of the court, the plaintiff was entitled to. The object of the action was to determine who was entitled to such possession. This was the question tried and determined by the court. A demurrer was filed to the petition, but no ground assigned in the demurrer presented the question under consideration. It was not claimed in the answer that the petition was defective for the reason above stated. No motion was filed for a new trial or in arrest of judgment. It is apparent, therefore, that the point made by counsel was not raised in the court below, and it cannot, therefore, be urged for the first time in this court. It should be stated that plaintiff got possession of the property in controversy under the writ.

AFFIRMED.